# Fornwalt *v.* Avco Manufacturing Corp., Appellant.

Argued September 30, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Vincent P. Sumerfield, Jr.,* for appellant.

*John P. Cupp* and *Williamson & Cupp,* for appellee.

OPINION BY HIRT, J., April 15, 1954:

Plaintiff alleging total disability from anthracosilicosis prosecuted his claim for workmen's compensation under The Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, as amended, 77 PS §1201 et seq. The statutory requirements as to the period of claimant's exposure to the hazard were satisfied and the Referee after hearing made an award. On defendant's appeal, in which the Commonwealth in the interests of the Occupational Disease Fund joined, the Board, because of the controverted medical issues involved, referred the record to the then recently constituted Medical Board "for the determination of the medical facts" in accordance with §402 of the amending Act of May 14, 1949, P. L. 1379.

The Medical Board, from the medical evidence contained in the record and without the taking of further testimony, made the following findings: "It is the unanimous opinion of the Medical Board that there

is no evidence that the claimant contracted silicosis as alleged. . . . We further find that the claimant possesses active pulmonary tuberculosis." The Workmen's Compensation Board considered these findings conclusive of the medical issues, under §402(e) of the amended Act, and accordingly vacated the award of the Referee and disallowed the claim.

Claimant was represented by counsel at every stage of the present proceeding. And on appeal to the common pleas the single question raised by claimant, as stated by the court, was: "Are the findings of the Medical Board based upon sufficient, competent evidence since the Medical Board held no hearing and took no testimony?" The court in effect held that the duty, imposed on the Medical Board by §402(d) of the Act as amended ". . . to hear and determine controverted medical issues" required a hearing before the Medical Board and the taking of additional testimony. And because no such hearing was held by the Medical Board the court remitted the record to the Workmen's Compensation Board for further action. In the meantime sections 402 and 420 of the Occupational Disease Act of June 21, 1939, P. L. 566 as amended, have been repealed and the Medical Board has ceased to exist.

The issue before us on the appeal in *Unora v. Glen Alden Coal Co.*, 171 Pa. Superior Ct. 29, 90 A. 2d 625, was similar. In that case the Medical Board, solely from the medical testimony appearing in the record, and without further hearing, found that the claimant was only partially disabled by anthraco-silicosis and on that finding the Workmen's Compensation Board set aside the award entered by the Referee and dismissed the claim. There, as here, the lower court on appeal held that the failure of the Medical Board to hold a hearing for the purpose of taking additional testimony vitiated the order of the Workmen's Compensation

Board. Accordingly, the disallowance of compensation was reversed and the record was remitted to the Workmen's Compensation Board for appropriate action. In the employer's appeal to this court from that order the question involved was thus stated: "In an occupational disease compensation case which has been fully heard by two different referees, at which time the parties had an opportunity to introduce all relevant testimony, may the Medical Board to which the case has been referred by the Compensation Board determine the controverted medical issues therein by reviewing the record without itself holding a hearing and taking testimony?" We answered that question in the affirmative and in reversing the lower court, reinstated the order of the Workmen's Compensation Board. Similar orders were made in the appeals of John Kalena and Frank Drozd which were identical in essentials with the *Unora* case on their facts.

The Supreme Court allowed appeals from our orders in all three cases and in disposing of them held that "While the Medical Board was not required to follow any rigid formality, nor even, of its own volition, to seek additional evidence, it cannot be said that it met the wording of the Act when it failed to *hear* the medical issue involved." The reversal of our decision in each instance in those appeals was based on the failure of the Medical Board of its own motion to afford claimant or his counsel the opportunity to be heard and submit briefs on the issue of the extent of the disability from anthraco-silicosis in the light of its economic aspects; that is, as to the extent of claimant's disability—whether partial or total—measured by loss of earning power and the lack of opportunity for employment.

Although the finding of the Medical Board in the present case was "that there is no evidence that claimant contracted silicosis as alleged", nevertheless, in

our view the opinion of the Supreme Court in the above appeals calls for an affirmance of the order remitting the record in the present proceeding to the Workmen's Compensation Board for further appropriate action.

Order affirmed.